The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, Arkansas 72143
Dear Senator Beebe:
This is in response to your request for an opinion on behalf of The Searcy Daily Citizen regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101
to -107 (Repl. 1992). The facts on which your questions are based involve a county quorum court. You indicate in your request that a committee of a county quorum court adjourned their noticed meeting and announced that they were going to a local restaurant for coffee. You also note that, once at the restaurant, members of the county quorum court committee were joined by other members of the quorum court, and they discussed matters pertaining to county business. In regard to these matters, you pose the following four questions:
 1. Under what circumstances can a public meeting be moved from the announced location to an alternate location?
 2. Can the meeting be moved absent an absolute necessity due to audience size or unsuitability of the planned meeting facility?
 3. Can a public meeting be moved to a private facility that does not have accommodations for the audience, the citizens, and the media?
 4. Does holding a public meeting in a private facility that expects participants to purchase a product have a chilling effect on the citizens right to participate?
In response to your first question, it is my opinion that since the initial public meeting of the quorum court committee was adjourned, the discussions of the quorum court members at the restaurant constituted a new and separate meeting (if indeed it constitutes a meeting, as will be discussed below), rather than a continuation of the original meeting. Therefore, the initial meeting cannot be said to have been "moved." Under this analysis, the question regarding the Freedom of Information Act will be whether the gathering of the quorum court members at the restaurant constituted a "meeting" within the meaning of the act.
The provision of the FOIA codified at A.C.A. § 25-19-106(a) expressly provides that all meetings, "formal or informal, special or regular, of the governing bodies of all . . . counties . . . "must be conducted as open public meetings in compliance with the FOIA. This provision has been interpreted to mean that the FOIA applies to an unofficial meeting of less than a quorum of a governing body if the meeting is called for the purpose of discussing any matter on which foreseeable action might be taken by the governing body. See Mayor of El Dorado v. El DoradoBroadcasting Co., 260 Ark. 821, 544 S.W.2d 206 (1976). A factual inquiry, which would involve the principles set forth above and which is beyond the purview of an Attorney General's opinion, would be necessary in order to determine whether the gathering of quorum court members at issue in your question constitutes a "meeting" for purposes of the FOIA.
If such a gathering were to constitute a "meeting," it would be considered a "special meeting" under the FOIA. While the FOIA does not define "regular" or "special" meetings, the term "regular" meetings most likely refers to regularly scheduled meetings of the particular governing body in question. See J. Watkins, The Arkansas Freedom of Information Act (m m Press, 1988) at 171. Therefore, the gathering of quorum court members at issue in your question would, in all likelihood, be considered a "special" meeting if a factual inquiry concludes that it indeed was a "meeting" for purposes of the FOIA. Pursuant to A.C.A. §25-19-106(b)(2), in the event of a special meeting, a governing body is required to give two hours notice to the media located in the county in which the meeting is to be held, as well as to any news media located elsewhere which has requested such notice.
In response to your second question, it is my opinion, as previously stated, that there was not a "move" of the original public meeting held by the quorum court committee, as they adjourned before going to the restaurant in question. As to the size and suitability of meeting facilities for public meetings, there is no provision of the FOIA which specifically addresses such issues. The FOIA grants to individuals the right to attend a public meeting, but even this right is subject to reasonable restrictions, such as limited seating capacity. See J. Watkins,The Arkansas Freedom of Information Act (m m Press, 1988) at 173. Presumably, however, a governing body could not choose to hold a meeting at a location which lacked the seating capacity for the number of individuals reasonably anticipated to attend if such a decision was made with the intent to thwart the requirements and spirit of the FOIA. Additionally, the statute codified at A.C.A. § 14-14-904(a) (Cum. Supp. 1991) sets forth the requirements concerning times and places for quorum court meetings. The statute specifically states that meetings of quorum courts are to be at "a regular time and place established by ordinance." Therefore, in addition to complying with the FOIA, quorum courts must also act in compliance with A.C.A. §14-14-904(a) and reference should be made to such an ordinance in your case regarding the established meeting place for quorum court meetings.
In response to your third question, it is my opinion that the answer is the same as is set forth above in response to your second question.
As to your fourth question, it has been stated that while the FOIA requires meetings of the quorum court be open to the public, it does not specifically address the issue of citizen participation. See Op. Att'y Gen. No. 93-052. See also J. Watkins, The Arkansas Freedom of Information Act (m m Press, 1988) at 173. Another statute, however, which specifically pertains to public meetings of county quorum courts addresses the issue of public participation with regard to such meetings. The statute codified at A.C.A. § 14-14-109(b) (1987) provides the following:
 In any meeting required to be open to the public, the county quorum court, committee, board, or other entity shall adopt rules for conducting the meeting which afford citizens a reasonable opportunity to participate prior to the final decision. [Emphasis added.]
Thus, a county quorum court is to conduct its meetings in compliance with the FOIA and with A.C.A. §§ 14-14-904 and14-14-109, all as discussed herein, and any attempt to act otherwise would constitute a violation of such statutes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh